Sam Tabibian, Esq. (SBN 231422)
LAW OFFICES OF SAM TABIBIAN, P.C.
1801 Avenue of the Stars, Suite 1025
Los Angeles, CA 90067
Telephone: (310) 439-9153
Facsimile: (310) 432-5541
sam@tabibianlaw.com

Attorneys for Defendant
PRINCETON HOLDINGS, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>BESHMADA, LLC<br><br>        Debtor and Debtor in Possession<br><br>BESHMADA, LLC, a limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>STARPOINT PROPERTIES, LLC, BLACKHAWK PROPERTIES, LLC, MILL AVENUE PROPERTIES, LLC. MILL AVENUE PROPERTIES II, LLC MILL AVENUE PROPERTIES III, LLC MILL AVENUE PROPERTIES IV, LLC, 450 ROXBURY PROPERTIES, LLC, 450 ROXBURY PROPERTIES II, LLC,  450 ROXBURY PROPERTIES III, LLC , 450 ROXBURY PROPERTIES IV, LLC, 450 ROXBURY PROPERTIES V, LLC, 450 ROXBURY PROPERTIES VI, LLC, COLFAX PROPOERTIES, LLC, FOOTHILL RIDGE PROPERTIES, LLC, JENNIFER GREENHUT, VIRGIL AVENUE PROPERTIES, LLC, and PRINCETON HOLDINGS, LLC,<br><br>        Defendants. | Case No.   2:09-bk-25523-BR<br>Adversary Case No.  2:10-ap-02361-BR<br><br>**ANSWER TO COMPLAINT FOR:**<br><br>1. **AVOIDANCE OF FRADULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550; CAL. CIV. CODE § 3439.04**<br>2. **AVOIDANCE OF FRADULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) AND 550; CAL. CIV. CODE § 3439.04**<br>3. **AVOIDANCE OF FRADULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b) AND CAL. CIV. CODE § 3439.05**<br>4. **AVOIDANCE OF FRADULENT TRANSFERS PURSUANT TO 11 U.S.C. 11 U.S.C. §§ 548 AND 550**<br>5. **AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**<br>6. **DECLARATORY JUDGMENT**<br><br>**[NO HEARING SET OR REQUIRED]** |

Princeton Holdings, LLC ("Answering Defendant"), by and through its undersigned counsel, hereby respond to the Complaint for: (1) Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544 (b) and 550; Cal. Civ. Code § 3439.04; (2) Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and Cal. Civ. Code § 3439.05; (3) Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550; (4) Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547 and 550; (5) Declaratory Judgment (the "Complaint") filed by Beshmada, LLC ("Plaintiff"), as follows:

1. Admit the allegations contained in paragraph 1 of the Complaint.

2. Admit the allegations contained in paragraph 2 of the Compliant.

3. Admit the allegations contained in paragraph 3 of the Complaint.

4. Deny the allegations contained in the first sentence of paragraph 4 of the Complaint. Admit that the Plaintiff is seeking the relief referred to in the second sentence of paragraph 4 of the Complaint.

5. Admit the allegations contained in paragraph 5 of the Complaint.

6. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 6 of the Complaint, and accordingly, denies such allegations.

7. Admit the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint does not state any facts or conclusions of law. Accordingly, there is nothing to admit or deny.

9. Paragraph 9 of the Complaint does not state any facts of conclusions of the law. Accordingly, there is nothing to admit or deny.

10. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 10 of the Complaint, and accordingly, denies such allegations.

11. Admit the allegations contained in paragraph 11 of the Complaint.

12. Admit the allegations contained in paragraph 12 of the Complaint.

13. Admit the allegations contained in paragraph 13 of the Complaint.

14. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 14 of the Complaint, and accordingly, denies such allegations.

15. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 15 of the Complaint, and accordingly, denies such allegations.

16. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 16 of the Complaint, and accordingly, denies such allegations.

17. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 17 of the Complaint, and accordingly, denies such allegations.

18. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 18 of the Complaint, and accordingly, denies such allegations.

19. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 19 of the Complaint, and accordingly, denies such allegations.

20. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 20 of the Complaint, and accordingly, denies such allegations.

21. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 21 of the Complaint, and accordingly, denies such allegations.

22. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 22 of the Complaint, and accordingly, denies such allegations.

23. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 23 of the Complaint, and accordingly, denies such allegations.

24. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 24 of the Complaint, and accordingly, denies such allegations.

25. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 25 of the Complaint, and accordingly, denies such allegations.

26. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 26 of the Complaint, and accordingly, denies such allegations.

27. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 27 of the Complaint, and accordingly, denies such allegations.

28. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 28 of the Complaint, and accordingly, denies such allegations.

29. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 29 of the Complaint, and accordingly, denies such allegations.

30. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 30 of the Complaint, and accordingly, denies such allegations.

31. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 31 of the Complaint, and accordingly, denies such allegations.

32. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 32 of the Complaint, and accordingly, denies such allegations.

33. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 33 of the Complaint, and accordingly, denies such allegations.

34. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 34 of the Complaint, and accordingly, denies such allegations.

35. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 35 of the Complaint, and accordingly, denies such allegations.

36. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 36 of the Complaint, and accordingly, denies such allegations.

37. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 37 of the Complaint, and accordingly, denies such allegations.

38. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 38 of the Complaint, and accordingly, denies such allegations.

39. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 39 of the Complaint, and accordingly, denies such allegations.

40. Admit the allegations contained in paragraph 40 of the Complaint.

41. Admit the allegations in Paragraph 41 of the Complaint that Princeton approached Namvar and requested Namvar execute guarantees. Deny the remaining allegations Paragraph 41 of the Complaint.

42. Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 42 of the Complaint, and accordingly, denies such allegations.

43.    Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 43 of the Complaint, and accordingly, denies such allegations.

44.    Admit the allegations contained in paragraph 44 of the Complaint.

45.    Admit the allegations contained in paragraph 45 of the Complaint.

46.    Admit the allegations contained in paragraph 46 of the Complaint.

47.    Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 47 of the Complaint, and accordingly, denies such allegations.

48.    Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 48 of the Complaint, and accordingly, denies such allegations.

49.    Admit the allegations contained in paragraph 49 of the Complaint.

50.    Admit the allegations contained in paragraph 50 of the Complaint.

51.    Admit the allegations contained in paragraph 51 of the Complaint.

52.    Admit the allegations contained in paragraph 52 of the Complaint.

53.    Admit the allegations contained in paragraph 53 of the Complaint.

54.    Answering Defendant is without information and belief sufficient to answer the allegations contained in paragraph 54 of the Complaint, and accordingly, denies such allegations.

55.    Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 55 of the Complaint, and accordingly, denies such allegations.

56.    Answering Defendant incorporates herein its responses to paragraphs 1 through 55 of the Complaint as though fully set forth herein.

57.    Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 57 of the Complaint, and accordingly, denies such allegations.

58.    Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 58 of the Complaint, and accordingly, denies such allegations.

59.    Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 59 of the Complaint, and accordingly, denies such allegations.

60.    Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 60 of the Complaint, and accordingly, denies such allegations.

1  61.  Answering Defendant incorporates herein its responses to paragraphs 1 through 60 of the Complaint as though fully set forth herein.

62.  Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 62 of the Complaint, and accordingly, denies such allegations.

63.  Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 63 of the Complaint, and accordingly, denies such allegations.

64.  Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 64 of the Complaint, and accordingly, denies such allegations.

65.  Answering Defendant incorporates herein its responses to paragraphs 1 through 64 of the Complaint as though fully set forth herein.

66.  Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 66 of the Complaint, and accordingly, denies such allegations.

67.  Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 67 of the Complaint, and accordingly, denies such allegations.

68.  Answering Defendant incorporates herein its responses to paragraphs 1 through 67 of the Complaint as though fully set forth herein.

69.  Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 69 of the Complaint, and accordingly, denies such allegations.

70.  Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 70 of the Complaint, and accordingly, denies such allegations.

71.  Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 71 of the Complaint, and accordingly, denies such allegations.

72.  Answering Defendant incorporates herein its responses to paragraphs 1 through 71 of the Complaint as though fully set forth herein.

73.  Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 73 of the Complaint, and accordingly, denies such allegations.

74.  Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 74 of the Complaint, and accordingly, denies such allegations.

75. Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 75 of the Complaint, and accordingly, denies such allegations.

76. Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 76 of the Complaint, and accordingly, denies such allegations.

77. Answering Defendant incorporates herein its responses to paragraphs 1 through 76 of the Complaint as though fully set forth herein.

78. Deny the allegations contained in paragraph 78 of the Complaint.

79. Deny the allegations contained in paragraph 79 of the Complaint.

80. Deny the allegations contained in paragraph 80 of the Complaint.

81. Deny the allegations contained in paragraph 81 of the Complaint.

82. Deny the allegations contained in paragraph 82 of the Complaint.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. Deny the allegations contained in paragraph 84 of the Complaint.

85. Deny the allegations contained in paragraph 85 of the Complaint.

86. Answering Defendant incorporates herein its responses to paragraphs 1 through 85 of the Complaint as though fully set forth herein.

87. Deny the allegations contained in paragraph 87 of the Complaint.

88. Deny the allegations contained in paragraph 88 of the Complaint.

89. Answering Defendant incorporates herein its responses to paragraphs 1 through 88 of the Complaint as though fully set forth herein.

90. Deny the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint.

92. Deny the allegations contained in paragraph 92 of the Complaint.

93. Answering Defendant incorporates herein its responses to paragraphs 1 through 92 of the Complaint as though fully set forth herein.

94. Deny the allegations contained in paragraph 94 of the Complaint.

95. Deny the allegations contained in paragraph 95 of the Complaint.

96. Deny the allegations contained in paragraph 96 of the Complaint.

97. Deny the allegations contained in paragraph 97 of the Complaint.

98. Answering Defendant incorporates herein its responses to paragraphs 1 through 97 of the Complaint as though fully set forth herein.

99. Deny the allegations contained in paragraph 99 of the Complaint.

100. Deny the allegations contained in paragraph 100 of the Complaint.

101. Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 101 of the Complaint, and accordingly, denies such allegations.

102. Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 102 of the Complaint, and accordingly, denies such allegations.

103. Allege that it is without information and belief sufficient to answer the allegations contained in paragraph 103 of the Complaint, and accordingly, denies such allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Ordinary Course of Business)

The relief requested in the Complaint should be denied in whole or part of the extent the transfers in question are protected from avoidance by 11 U.S.C. §547(c)(2) because such transfers were in payment of a debt incurred by Plaintiff in the ordinary course of business or financial affairs of Plaintiff and Answering Defendants, made in the ordinary course of business or financial affairs of Plaintiff and Answering Defendants, and made according to ordinary business terms.

## SECOND AFFRIMATIVE DEFENSE

### (New Value)

The relief requested in the Complaint should be denied in whole or part to the extent the transfers in question are protected from avoidance by 11 U.S.C. §547(c)(1) because the transfers were intended to be contemporaneous exchanges for new value given to Plaintiff, and were infact substantially contemporaneous exchanges.

///

///

///

### THIRD AFFIRMATIVE DEFENSE
### (Enforcement of Lien in Noncollusive Manner)

The relief requested in the Complaint should be denied because any purported "transfers" to the Answering Defendants are not voidable since any such "transfers" were the result of the enforcement of lien(s) in a noncollusive manner in compliance with applicable law pursuant to Cal. Civ. Code 3439.08(e)(2).

### FOURTH AFFIRMATIVE DEFENSE
### (Recoupment)

The relief requested in the Complaint should be denied in whole or part to the extent the transfers in question are subject to the doctrine of recoupment.

### FIFTH AFFIRMATIVE DEFENSE
### (Setoff)

The relief requested in the Compliant should be denied in whole or part to the extent the transfers in question are subject to the doctrine of setoff.

### SIXTH AFFIRMATIVE DEFENSE
### (Res Judicata, Issue Preclusion and Claims Preclusion)

The relief requested in the Complaint should be denied in whole or part to the extent the transfers in question are subject to the doctrine of res judicata, issue preclusion or claims preclusion.

### SEVENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

The relief requested in the Complaint should be denied in whole or part to the extent the transfers in question are subject to the doctrine of equitable estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
### (Judicial Estoppel)

The relief requested in the Complaint should be denied in whole or part to the extent the transfers in question are subject to the doctrine of judicial estoppels.

///

///

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff's claims are barred in whole or in part by Plaintiff's unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

**(Lack of Damages)**

Plaintiff's claims are barred because Plaintiff has not suffered damages or injury, and any damages or injury alleged is attributable to causes other than any asserted acts or omission of Answering Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Own Actions Caused Any Loss)**

Plaintiff is barred from all relief sought in the Complaint on the ground that any alleged loss or damage Plaintiff suffered was caused by Plaintiff's own actions.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

The claims in the Complaint are barred in whole or in part because the conduct alleged was undertaken, if at all, with Plaintiff's knowledge, acquiescence, ratification, approval, and/or consent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's claims set forth in the Complaint are barred in whole or part by the equitable doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims set forth in the Complaint are barred by the applicable Statute of Limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any recovery by Plaintiff would be unjust and inequitable under the circumstances of the case.

1   WHEREFORE, Answering Defendant prays that this Court enter judgment in its favor and
2   against Plaintiff.
3
4   DATED:        January 10, 2010                    **LAW OFFICES OF**
                                                      **SAM TABIBIAN, P.C.**
5
6
7                                              By:_____
8                                                    SAM TABIBIAN
                                                     Attorneys for Defendant
9                                                    PRINCETON HOLDINGS, LLC
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as ***NOTICE OF CONTINUANCE OF DEFENDANT'S MOTION TO DISMISS COMPLAINT (FRCP 12(B)(6); FRBP 7012(B)(6)); Rule 7009(b)*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***January 11, 2011***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ***January 11, 2011,*** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***January 11, 2011,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

VIA HAND DELIVERY TO Hon. Barry Russell,
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/11/11 | Sam Tabibian | /s/ Sam Tabibian |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                        **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION** (if needed):

**2:10-ap-02361-BR Notice will be electronically mailed to:**

Gillian N. Brown on behalf of Plaitniff Beshmada, LLC
gbrwon@pszjlaw.com

Jeffrey A. Kriege
jkrieger@greenbergglusker.com

United States Trustee (LA)
Ustprejion16la.ecd@usdoj.gov

**2:10-ap-02361-BR Notice will be sent via US mail:**

Jeffrey A. Krieger, Esq.
Greenberg Glusker
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067

Gillian N. Brown, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Loa Angeles CA 90067

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                        **F 9013-3.1.PROOF.SERVICE**